ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

NOV 0 6 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **UNDER SEAL** |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | |
| QADIR SHABAZZ | : | No. 1 13-CR-441 |
| a/k/a DEANGELO MOORE | : | |
| a/k/a DEANGELO MUHAMMAD | : | |

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
(Conspiracy)

1. Beginning on a date unknown, but from in or about November 2009, and continuing through in or about May 2012, in the Northern District of Georgia and elsewhere, the defendant, QADIR SHABAZZ, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful governmental functions of the Internal Revenue Service of the United States Department of the Treasury in the ascertainment, computation, assessment, and collection of revenue, specifically income taxes.

BACKGROUND

2.   At times relevant to this Indictment:

A.   The defendant, QADIR SHABAZZ, lived in the Northern District of Georgia.

B.   The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States and collecting taxes owed to the Treasury of the United States.

C.   Federal income tax returns that are electronically submitted to the IRS generally contain, among other things, the taxpayer's name and social security number.  Tax refunds can be sent to the taxpayer in a variety of ways, to include electronic deposits onto pre-paid debit cards, electronic deposits into bank accounts, and mailed U.S. Treasury checks.

D.   Taxpayers requesting that their refunds be deposited onto prepaid debit cards list the pre-paid debit card information on their tax returns.  The IRS will then electronically route the funds onto the pre-paid debit cards. Pre-paid debit cards can be purchased at private establishments such as grocery stores or convenience stores.  Alternatively, consumers may fill out their information on the Internet and request that the pre-paid debit card be mailed to their address.

## MANNER AND MEANS

3. The defendant, QADIR SHABAZZ, and others known and unknown to the Grand Jury, carried out the conspiracy to defraud through the following manner and means, among others:

A. Incorporating a business named "Indigent Inmate" in the state of Georgia with the Georgia Secretary of State.

B. Distributing literature and applications to incarceration facilities located throughout the United States.

C. Soliciting personal identifying information, to include names, social security numbers, and dates of birth, from prisoners located in incarceration facilities throughout the United States.

D. Causing over 13,000 applications for prisoner benefits to be submitted to "Indigent Inmate."

E. Obtaining the personal identifying information, including but not limited to the names, social security numbers, and dates of birth, of prisoners located in incarceration facilities throughout the United States.

F. Submitting to the IRS false and fraudulent federal income tax returns that listed addresses under the control of the members of this conspiracy.

G. Submitting to the IRS over 2,000 false and fraudulent federal income tax returns that claimed fraudulent refunds utilizing the personal identifying information of prisoners and

3

former prisoners without these individuals' knowledge and consent.

H.  Directing over $12,000,000 in false and fraudulent federal tax refunds to be disbursed in the form of prepaid debit cards and U.S. Treasury checks.

## OVERT ACTS

4.  In furtherance of the conspiracy, and to effect the objects thereof, the defendant, QADIR SHABAZZ, and others known and unknown to the Grand Jury, committed the overt acts listed below, among others, within the Northern District of Georgia and elsewhere:

A.  On or about November 23, 2009, the defendant, QADIR SHABAZZ, caused to be filed with the Georgia Secretary of State a "Certificate of Incorporation" for "Indigent Inmate".

B.  On or about February 1, 2010, the defendant, QADIR SHABAZZ, caused to be executed a lease agreement for 1782 Neely Avenue, East Point, Georgia 30344.

C.  On or about December 21, 2010, the defendant, QADIR SHABAZZ, caused to be executed a lease agreement for 2007 Sharp Street, Chattanooga, Tennessee 37404.

D.  On or about February 2, 2011, the defendant, QADIR SHABAZZ, caused to be executed a lease agreement for 2615 Brownsville Road, Pittsburgh, Pennsylvania 15227.

E. On or about March 1, 2011, the defendant, QADIR SHABAZZ, caused to be executed a lease agreement for 3503 Meadowbridge Drive, Atlanta, Georgia 30331.

F. On or about April 1, 2011, the defendant, QADIR SHABAZZ, caused to be executed a lease agreement for 3051 McMurray Drive SW, Atlanta, Georgia 30311.

G. On or about May 1, 2011, the defendant, QADIR SHABAZZ, caused to be executed a lease agreement for 5565 Cypress Drive, Forest Park, Georgia 30297.

H. On or about September 28, 2011, the defendant, QADIR SHABAZZ, caused to be executed a lease agreement for 97 Old Roundtree Road, Atlanta, Georgia 30274.

I. On or about December 23, 2011, the defendant, QADIR SHABAZZ, caused to be executed a lease agreement for 1447 Walker Avenue, College Park, Georgia 30337.

J. On or about April 4, 2012, a known member of the conspiracy used a prepaid debit card containing a fraudulent tax refund issued to "G.G." at a financial institution in East Point, Georgia.

K. The Grand Jury incorporates by reference as additional overt acts the acts charged in Counts Two through Thirty-Three of this Indictment.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH SIXTEEN
(Wire Fraud)

5. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs one through four, subparagraphs (A) through (J), of this Indictment as if fully set forth herein.

6. Beginning on a date unknown, but from in or about November 2009, and continuing through in or about May 2012, in the Northern District of Georgia and elsewhere, the defendant, QADIR SHABAZZ, aided and abetted by others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud the United States Department of the Treasury, Internal Revenue Service (IRS), and to obtain money from the IRS by means of materially false and fraudulent pretenses, representations, promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were false and fraudulent when made and caused to be made and that said omissions were and would be material.

### Wires in Furtherance of Scheme

7. On or about the dates listed below for each count, in the Northern District of Georgia, the defendant, QADIR SHABAZZ, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the

aforementioned scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses and representations, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, the false and fraudulent tax returns as described for each count below:

| COUNT | DATE | WIRE TRANSMISSION |
|---|---|---|
| 2 | 5/26/2010 | Electronic Filing of Tax Return for "R.H." for tax year 2009. |
| 3 | 9/28/2010 | Electronic Filing of Tax Return for "R.D." for tax year 2009. |
| 4 | 10/12/2010 | Electronic Filing of Tax Return for "M.D." for tax year 2009. |
| 5 | 3/22/2011 | Electronic Filing of Tax Return for "G.G." for tax year 2010. |
| 6 | 4/1/2011 | Electronic Filing of Tax Return for "K.C." for tax year 2010. |
| 7 | 4/6/2011 | Electronic Filing of Tax Return for "D.I." for tax year 2010. |
| 8 | 4/13/2011 | Electronic Filing of Tax Return for "D.F." for tax year 2010. |
| 9 | 7/1/2011 | Electronic Filing of Tax Return for "P.W." for tax year 2010. |
| 10 | 7/6/2011 | Electronic Filing of Tax Return for "H.R." for tax year 2010. |
| 11 | 7/25/2011 | Electronic Filing of Tax Return for "B.S." for tax year 2010. |

| 12 | 2/7/2012  | Electronic Filing of Tax Return for "J.C." for tax year 2011. |
|----|-----------|----------------------------------------------------------------|
| 13 | 2/10/2012 | Electronic Filing of Tax Return for "A.W." for tax year 2011. |
| 14 | 2/17/2012 | Electronic Filing of Tax Return for "G.R." for tax year 2011. |
| 15 | 2/22/2012 | Electronic Filing of Tax Return for "K.L." for tax year 2011. |
| 16 | 3/7/2012  | Electronic Filing of Tax Return for "J.S." for tax year 2011. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS SEVENTEEN THROUGH THIRTY-ONE
(Aggravated Identity Theft)

8. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs one through four, subparagraphs (A) through (J), of this Indictment as if fully set forth herein.

9. On or about the dates listed below, in the Northern District of Georgia, the defendant, QADIR SHABAZZ, did knowingly possess, transfer, and use a means of identification of another person without lawful authority during and in relation to the wire fraud offenses described in Counts Two through Sixteen of this Indictment, that is, he knowingly possessed, transferred, and used the names and social security numbers of the actual

persons identified by their initials below on a federal income tax return he filed with the IRS and caused to be transmitted by means of a wire communication in interstate commerce:

| COUNT | CORRESPONDING WIRE FRAUD COUNTS | DATE | ACTUAL PERSON |
|---|---|---|---|
| 17 | 2 | 5/26/2010 | "R.H." |
| 18 | 3 | 9/28/2010 | "R.D." |
| 19 | 4 | 10/12/2010 | "M.D." |
| 20 | 5 | 3/22/2011 | "G.G." |
| 21 | 6 | 4/1/2011 | "K.C." |
| 22 | 7 | 4/6/2011 | "D.I." |
| 23 | 8 | 4/13/2011 | "D.F" |
| 24 | 9 | 7/1/2011 | "P.W." |
| 25 | 10 | 7/6/2011 | "H.R." |
| 26 | 11 | 7/25/2011 | "B.S." |
| 27 | 12 | 2/7/2012 | "J.C." |
| 28 | 13 | 2/10/2012 | "A.W." |
| 29 | 14 | 2/17/2012 | "G.R." |
| 30 | 15 | 2/22/2012 | "K.L." |
| 31 | 16 | 3/7/2012 | "J.S." |

All in violation of Title 18, United States Code, Sections 1028A and 2.

### COUNTS THIRTY-TWO THROUGH THIRTY-THREE
(Theft of Government Funds)

10. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs one through four, subparagraphs (A) through (J), of this Indictment as if fully set forth herein.

9

11. On or about the dates listed below, within the Northern District of Georgia and elsewhere, the defendant, QADIR SHABAZZ, aided and abetted by others known and unknown to the Grand Jury, did steal, purloin, and knowingly convert and aided and abetted the stealing, purloining, and knowing conversion to his own use and the use of another, money of the United States having a value of more than $1,000, namely, funds administered by the Department of the Treasury in the form of federal tax refunds in the names of the individuals whose initials are listed below, which funds the defendant, QADIR SHABAZZ, was not entitled to receive:

| COUNT | LISTED TAXPAYER | DATE |
|---|---|---|
| 32 | "G.G." | 3/22/2011 |
| 33 | "H.R." | 7/6/2011 |

All in violation of Title 18, United States Code, Sections 641 and 2.

## FORFEITURE PROVISION

12. Upon conviction of the offenses alleged in Counts Two Through Sixteen and Thirty-Two through Thirty-Three of this Indictment, the defendant, QADIR SHABAZZ, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c),

any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

    13. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to

seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A ____TRUE____ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

THOMAS J. KREPP
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 346781
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000
404/581-6181