IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 1:13-CR-441-TCB-ECS |
| | : | |
| QADIR SHABAZZ | : | |
| | : | |

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

**I.**
**Introduction**

The above criminal action is before the Court on the "Preliminary Omnibus Motion to Suppress," [Doc. 33], and the perfected motion to suppress, [Doc. 43], filed on behalf of Qadir Shabazz. The government responded to the motions, [Doc. 49], and Defendant filed his reply on June 16, 2014, [Doc. 54]. The government filed exhibits which are also before the Court. [Doc. 50].

The motions seek to suppress evidence seized from certain property locations and two vehicles. [Doc. 43 at 24]. The motions also argue that the pen register and trap and trace warrants on certain telephones were unlawful. [Id. at 26]. The motions contend that the search warrants and pen register/trap and trace warrants for these locations were so lacking in probable cause as to render inapplicable the good faith exception to the exclusionary rule announced in United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405

(1984). Defendant further argues that he is entitled to an evidentiary hearing under Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978). [Id. at 11].

The motions also argue that any statements made by Defendant when the warrants were executed and Defendant was arrested should be suppressed as the unconstitutional result of unlawful searches, as well as violative of the Fifth Amendment and Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966). [Id. at 31]. Defendant filed a separate motion to suppress statements under Miranda and the Fifth Amendment that will be the subject of a separate order, after a hearing is held. [Doc. 47].

The motions to suppress evidence present a preliminary issue as to whether the motions sufficiently allege standing as any of the challenged searches.

## II.
## The Threshold Issue: Standing

Viewed most charitably, the perfected motion seeks to suppress evidence from the following ten property locations, as listed in the perfected motion:

> 2615 Brownsville Road, Pittsburgh, PA (Business address for Mr. McBride) (WARRANT 0411-437)
>
> 616 Main Street, Sharpsburg, PA (Previous business address for Mr. McBride)
>
> 2012 Kendon Drive East, Pittsburgh, PA (Residence of Mr. McBride and Ms. Jackson)

2

  1667 Dorsey Avenue, East Point, GA, Suite C and Suite D (Residence of Mr. Shabazz) (WARRANT 0364-394)

  2715 Church Street, East Point, GA (Residence of Sheena Shabazz) (WARRANT 0401)

  2684 Cheney Street, Apt. #1, East Point, GA (Residence of Leslie Shabazz) (WARRANT 395)

  2779 Church Street, East Point, GA (Holy Temple of Islam) (WARRANT 0405)

  1447 Walker Avenue, College Park, GA (Address receiving fraudulent Green Dot Cards) (WARRANT 0403)

  640 Valley Hill Road, Riverdale, GA (Business address for F&Q Auto) (WARRANT 0458)

  2945 Orr Drive, East Point, Georgia (Previous address listed in credit check for Mr. Shabazz) (WARRANT 0399)

[Doc. 43 at 10].

In addition, Defendant alleges that two vehicles were searched, a 2008 Chevrolet Avalanche (Warrant 0409), and a 2000 Mercedes Benz (Warrant 0407). [Id.]. Defendant further states that "Pennsylvania authorities also obtained documentation from Wells Fargo Bank, Bank of America (WARRANT 0062-0119), Chase Bank (WARRANT 0178-235), Regions Bank (WARRANT 0236-297), and SunTrust Bank (WARRANT 0300-361) pursuant to search warrants for accounts related to or controlled by Mr. Shabazz (WARRANT 0001-0060,0120-177)." [Id.].

The government responds that Defendant has not shown standing to challenge any of these searches. [Doc. 49 at 5].

In his reply to the government's response raising lack of

3

standing, Defendant asserts that he has standing as to certain specific properties:

> 1667 Dorsey, Suites C and D, Atlanta, GA (his residence)
>
> 2715 Church, East Point, GA (shared residence)
>
> 2684 Cheney Street, Apt. 1, East Point, GA (shared residence)
>
> 2779 Church Street, East Point, GA (Holy Temple) (his business)
>
> 2945 Orr Drive, East Point, GA (his address)
>
> 640 Valley Hill Road, Riverdale, GA (F&Q Auto) (his business)

[Doc. 54 at 2]. Defendant also recites that "[h]e [has] also shown a sufficient interest in the two vehicles searched, the 2008 Chevrolet Avalanche and the 2000 Mercedes Benz." [Id.]. Finally, Defendant "also asserts that evidence presented at the [anticipated] hearing on this matter can be used to establish his standing to challenge searches of the above properties." [Id. at 3].

"The Fourth Amendment's prohibition against unreasonable searches and seizures protects an individual in those places where [he] can demonstrate a reasonable expectation of privacy against government intrusion, and only individuals who actually enjoy the reasonable expectation of privacy have standing to challenge the validity of a government search." United States v. King, 509 F.3d 1338, 1341 (11th Cir. 2007) (alteration in original) (quotation

AO 72A
(Rev.8/82)

marks and citations omitted). The burden of proving standing is on the defendant. Rakas v. Illinois, 439 U.S. 128, 130 n.1, 99 S. Ct. 421, 423 n.1 (1978); United States. v. Brazel, 102 F.3d 1120, 1148 (11th Cir. 1997) (finding appellant failed to carry burden to show a legitimate expectation of privacy in a residence based upon "uncertainty as to when [he] lived there").

A motion to suppress must meet threshold pleading requirements before a Court is required to address the merits of the motion:

> Allegations of standing alone will not suffice to obtain an evidentiary hearing or the suppression of evidence. A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented. United States v. Smith, 546 F.2d 1275 (5th Cir.1977); United States v. Poe, 462 F.2d 195, 197 (5th Cir.1972), cert. denied, 414 U.S. 845, 94 S. Ct. 107, 38 L.Ed.2d 83 (1973). In short, the motion must allege facts which, if proven, would provide a basis for relief. A court need not act upon general or conclusory assertions founded on mere suspicion or conjecture, and the court has discretion in determining the need for a hearing. United States v. Harrelson, 705 F.2d 733 (5th Cir. 1983). Once a defendant has failed to make a proper pretrial request for suppression, the opportunity is waived unless the district court grants relief for good cause shown.

United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985); see also United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000); United States V. Aquila-Urbay, 480 F. App'x 564, 571 (11th Cir. 2012).

In this case, Defendant has failed to make a showing of

5

standing in the preliminary or perfected motions sufficient to require the Court to address the merits of the motions at this time. The original and perfected motions do not set forth "definite, specific, detailed, and nonconjectural" facts that would show a basis for an expectation of privacy in Defendant with regard to any of the properties. Id. Furthermore, in response to the government's brief raising the issue of standing, Defendant implicitly concedes lack of standing as to certain of the properties: 2615 Brownsville Road, Pittsburgh, PA; 616 Main Street, Sharpsburg, PA; 1447 Walker Avenue, College Park, GA; and 2012 Kendon Drive East, Pittsburgh, PA, all of which were listed in the perfected motion, but were not argued in the reply brief as satisfying the standing requirements. [Doc. 43 at 24]. Therefore, the motion to suppress should be denied insofar as it pertains to any seizures from these specific properties, if not all of the properties.[1]

With respect to the six properties listed in the reply brief, Defendant's allegations of standing are still insufficient under to carry the pleading burden placed on a Defendant to show standing. The only allegations that might support standing with respect to the listed properties are in parentheticals after the property listings, identifying the addresses as either "his residence," "shared

---

[1] The documents obtained from the third-party banks will be addressed separately herein.

residence,"[2] "his address," or "his business." While these references in the reply brief are suggestive of possible standing, they are not sufficient, in the face of a specific challenge to standing, to support a finding that Defendant had both a subjective and objective expectation of privacy in the premises. See United States v. Cooper, 203 F.3d 1279, 1284 (11th Cir. 2006)(Defendants' references to room as "theirs" insufficient). Other than the somewhat conclusory allegations that the premises were his "residence" or "business," there are no facts whatsoever alleged to demonstrate the underlying bases for these assertions. Id.

The same deficiency is present with regard to the seizures from the two vehicles. Defendant alleges merely that he "has shown a sufficient interest in the two vehicles searched," but indeed he has not done so. There are no facts alleged to support this conclusion. He does not allege that the vehicles were registered to him, or that he held title, or even a leasehold. No facts are alleged. He has failed, in other words, to meet his burden.

In response to the perfected motion to suppress, in addition to questioning standing, the government has responded on the merits as to two of the properties, 1667 Dorsey, Suites C and D, Atlanta, GA,

---

[2] In the perfected motion, the property at 2715 Church Street was identified only as the residence of Sheena Shabazz, and the property at 2684 Cheney Street Apt. #1 was identified only as the residence of Leslie Shabazz. [Doc. 43 at 10].

7

and 2684 Cheney Street, Apt. #1, East Point, GA, both purporting to be a residence or shared residence of Defendant.[3] See [Doc. 49 at 8]. The government, in a footnote, states that it does not rely upon the search warrants or the Leon good-faith exception in support of searches conducted at the other four real properties listed in the reply – (1) 2715 Church Street, East Point, GA; (2) 2779 Church Street, East Point, GA; (3) 640 Valley Hill Road, Riverdale, GA; and (4) 2945 Orr Drive, East Point, GA, - or of the two vehicles, the Chevrolet Avalanche and the Mercedes Benz. See [Doc. 49 at 4 n.1]. As to these properties the government appears to rely exclusively on the lack of standing in opposing the motions.

After consideration of all of the above information and despite the deficiencies in Defendant's pleadings as to standing, the undersigned will nevertheless allow Defendant to be heard on standing with respect to the six properties identified in his reply brief as either alleged residences, shared residences, or businesses in which he might have a privacy expectation that would support standing. See [Doc. 54 at 2]. Defendant will also be allowed to be heard on standing as to the two vehicles – the 2008 Chevrolet

---

[3] The government also defends the searches at 2012 Kendon Drive, Pittsburgh, PA, and 1447 Walker Avenue, College Park, GA on the merits. But I find that Defendant has failed to allege any basis for standing as to these two properties and therefore the motion to suppress should be **DENIED** as to these properties on the basis of lack of standing.

Avalanche and the 2000 Mercedes Benz. As to all other challenges to searches of other properties mentioned in the perfected motion, the motion to suppress should be **DENIED** for failure to allege any colorable basis for standing.

After Defendant has been given an opportunity to address standing as to the properties and vehicles specified above, I will give the parties an opportunity to brief the issues, and I will ultimately then make a report and recommendation on the motions and/or set a hearing on the motions under Franks v. Delaware, as may be appropriate.

### III.
### Other Marginally Articulated Challenges

**A.   Bank Records**

In his reply brief, Defendant affirmatively asserts that he has challenged the search and seizure of his bank records. [Doc. 54 at 3]. Indeed, Defendant argues in his perfected motion that "none of the affidavits established probable cause to believe that anything related to the commission of a crime by Shabazz would be located at either the residences searched, the vehicle searches, *or within the bank accounts that were seized.*" [Doc. 43 at 11] (emphasis added). He goes on to argue that the Court should hold a hearing under Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978), to determine whether the good faith exception to the exclusionary rule

9

would apply. [Id. at 11-12]. He also argues that the inclusion of certain boilerplate in the affidavits was misleading to the reviewing magistrate. [Id. at 16-19]. Defendant then argues generically that "the warrants at issue failed to provide sufficient probable cause to justify a search of the numerous properties and vehicles listed." [Id. at 21].

Bank records are not mentioned in the portion of Defendant's argument where he states what he is seeking to suppress. [Id. at 24]. And the perfected motion contains no specific argument with regard to any specific warrant for any particular bank records. Even in his reply brief, after the issue was challenged by the government, Defendant's reply is limited to the conclusory assertion that, indeed, "Mr. Shabazz has challenged the search of his bank records." [Doc. 54 at 3].

In truth, Defendant has failed to raise a justiciable issue as to any warrant seeking production from any banks of Defendant's bank records. As noted above, "a motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented." Richardson, 764 F.2d at 1527. Defendant's motion, insofar as it purports to challenge the production or seizure of bank records, does not satisfy the threshold requirements

10

in this case and should therefore be **DENIED**.[4]

**B.    Pen Registers and Trap and Trace Warrants**

Also in Defendant's perfected motion, Defendant argues that certain pen register and trap and trace warrants obtained by the Pennsylvania law enforcement authorities on a telephone used by Mr. Shabazz were unlawful. [Doc. 43 at 26]. Once again, Defendant makes general and conclusory arguments to the effect that the pen register/trap and trace warrant(s) were not supported by probable cause for their issuance. In essence, his argument is that "in light of [the] changing Fourth Amendment landscape, the agents needed to assert sufficient probable cause to justify the use of the pen registry [sic] and trap and trace devices." [Id. at 31].

The law is well-established that the installation of a pen register or trap and trace does not amount to a search under the Fourth Amendment and does not warrant the application of the exclusionary rule. Smith v. Maryland, 442 U.S. 735, 99 S. Ct. 2577 (1979). Thus, Defendant could state no claim under the Fourth Amendment, even if his allegations were particularized. Nor does the

---

[4] It also bears noting that, as a matter of constitutional law, a bank customer has no Fourth Amendment right of privacy in bank records. United States v. Miller, 425 U.S. 435, 96 S. Ct. 1619 (1976). Although the Right to Financial Privacy act, 12 U.S.C. § 3401 et seq., confers certain rights on bank customers, Defendant has articulated no specific arguments under this statute as to any particular subpoena or warrant for any particular records.

11

federal statute providing procedures for pen registers require exclusion of evidence obtained in violation of its provisions. See 18 U.S.C. § 3121; <u>United States v. Thompson</u>, 936 F.2d 1249 (11th Cir. 1991). Accordingly, as a consequence of all the deficiencies highlighted above – lack of particularity and specificity and the unavailability of any remedy under constitutional and statutory law – the motion, to the extent it seeks to challenge any particular pen register or trap and trace warrant, should also be **DENIED**.

## IV.
## Conclusion

To summarize, the motion to suppress should be **DENIED** as to the search of all properties arguably challenged in the perfected motion, with the exception of the following properties: (1) 1667 Dorsey Avenue, Suites C and D, Atlanta, GA; (2) 2715 Church Street, East Point, GA; (3) 2684 Cheney Street, Apt. #1, East Point, GA; (4) 2779 Church Street, East Point, GA; (5) 2945 Orr Drive, East Point, GA; (6) 640 Valley Hill Road, Riverdale, GA, and the two vehicles – (7) the 2008 Chevrolet Avalanche and (8) the 2000 Mercedes Benz. Defendant will be afforded an opportunity to demonstrate a basis for standing to challenge the search of the above-listed properties in conjunction with the hearing to be scheduled on Defendant's supplemental motion to suppress evidence. See [Doc. 47]. The motion to suppress as to these properties (including the vehicles) is

12

therefore **TAKEN UNDER ADVISEMENT** pending a hearing on standing and further briefing as necessary.

To the extent that the motion to suppress evidence purports to challenge the production of bank records obtained from third party banks and any pen register or trap and trace warrants, the motions should be **DENIED**.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED,** this 15th day of July, 2014.

*S/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

13

AO 72A
(Rev.8/82)