IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. |
| v. | : | NO. 1:13-CR-441-TCB-ECS |
| QADIR SHABAZZ | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

### I.
### Introduction

Presently before the Court is what remains of the motion to suppress evidence filed by Defendant Shabazz. [Doc. 33, 43]. The undersigned reviewed the motion in a Report and Recommendation entered July 15, 2014, and recommended that the motion be denied as to the search of all the properties arguably challenged in the perfected motion with the exception of certain specific properties and two vehicles: 1) 1677 Dorsey Avenue, Suites C & D, Atlanta, GA; (2) 2715 Church Street, East Point, GA; (3) 2684 Cheney Street, Apt. #1, East Point, GA; (4) 2779 Church Street, East Point, GA; (5) 2945 Orr Drive, East Point, GA; (6) 640 Valley Hill Road, Riverdale, GA, and two vehicles – (7) the 2008 Chevrolet Avalanche and (8) the 2000 Mercedes Benz. [Doc. 60 at 12]. As to the excepted properties, I set a hearing date to permit Defendant to demonstrate standing and took the motion under advisement as to these properties. [Doc. 62].

After a continuance requested by Defendant, the matter came on for hearing on August 28, 2014. Evidence was received on the issue

of standing as to the listed properties. At the conclusion of the evidence, the government made a statement on the record as to the government's position with respect to the six properties and two vehicles at issue. Specifically, the government conceded that Defendant had standing to challenge the searches of all the properties and the two vehicles.[1] (T. 46). A review of the evidence presented by Defendant shows that the government's concessions as to standing were appropriate. Defendant met his burden of showing standing.

Furthermore, the government stated on the record that it would not seek to introduce anything from the searches of the following properties: 2715 Church Street, 2779 Church Street, 640 Valley Hill Road, and 2945 Orr Drive. In effect, the government does not oppose the motions to suppress evidence from the searches of these properties. (T. 44). The government also presented no opposition to the motion to suppress evidence from the searches of the 2000 Mercedes Benz and the 2008 Chevrolet Avalanche. (T. 44-46). Accordingly, the motion to suppress should be **GRANTED** as to the searches of the four properties and two vehicles identified above.

The government does oppose the motion to suppress evidence from 1677 Dorsey Avenue and 2864 Cheney Street, as to which the

---

[1] As to the two vehicles, the Court allowed the government additional time to cite any authority that would negate standing by the close of business on August 29. (T. 46). The government did not submit any additional authority.

2

government has filed a brief in opposition, [Doc. 49], and Defendant has filed his reply. [Doc. 54]. Accordingly, issue has been joined as to the search of these two properties and I will address these searches in the remainder of this Report and Recommendation. Both of these properties were searched pursuant to search warrants issued by the Municipal Court of East Point, Fulton County, Georgia. See Exhibits C & D to Government Response [Doc. 50].

## II.
## Defendant's Contentions

Defendant argues in his pre-hearing motion [Doc. 33, 43] and in his reply, [Doc. 54], that the applications for the search warrants failed to establish probable cause to justify the searches [Doc. 43 at 12, 21-24], and that information was omitted from the application that warranted a hearing under Franks v. Delaware, 438 U.S. 154 (1978). [Id. at 15]. Defendant also argues that the affidavit contained intentionally misleading boilerplate that should be disregarded in the probable cause analysis. [Id. at 19, 21]. Finally, Defendant argues that the search warrants failed to establish a nexus between the places to be searched and the alleged criminal activity. [Id. at 24-26].

## III.
## The Affidavit: Probable Cause, Franks, Boilerplate and Nexus

The search warrants are attached as Exhibit C (1677 Dorsey Avenue) and Exhibit D (2864 Cheney Street) to the government response. See [Doc. 50]. The search warrants were accompanied by a 32-page single-spaced affidavit attached as Exhibit B supporting

3

both warrants. See Ex. B at 32. The short answer to Defendant's arguments is that the affidavit sets forth in detail sufficient facts to support probable cause to search the locations sought to be searched for evidence of forgery and financial transaction card fraud in April of 2012.

Not only does the affidavit set forth probable cause to believe that a crime had been committed by Defendant and Leslie Shabazz, but also a sufficient nexus between the premises to be searched and the criminal activity related to those locations. A careful review of the affidavit, as was conducted by the undersigned, will confirm an amplitude of facts set forth that link the criminal activity to Defendant Qadir Shabazz and Leslie Shabazz and, through these suspects' activities, along with other multiple independent connections, to the properties to be searched. Considering the affidavit in its totality, I conclude there was ample probable cause to believe that evidence of criminal fraud would be found at both of these addresses.

As for omitted information, Defendant has not demonstrated that any information that was omitted from the affidavit would have detracted from the ample evidence that was present associating Defendant and the two properties with the alleged criminal activities. Defendant complains that some of the evidence against him comes from Mr. Dion McBride, an apparent co-conspirator with Defendant in the identity theft, tax fraud, transaction card and bank fraud schemes described in the affidavit. But much of what Mr.

4

AO 72A
(Rev.8/82)

McBride reported was independently corroborated through travel and hotel receipts and information, as well as computer and bank records. Defendant also complains, in essence, that other individuals may also have participated in this scheme, or similar schemes, and yet the agents focused on Defendant. [Doc. 43 at 13-15]. Defendant has pointed to nothing to show that any of this purported evidence implicating others would contradict or undermine the veracity or reliability of the evidence recited in the affidavit. Clearly, Defendant has not made the kind of substantial preliminary showing required to warrant a hearing under Franks v. Delaware. See 438 U.S. at 171-72; United States v. Barsoum, 763 F.3d 1321, 1328-29 (11th Cir. 2014).

Defendant also complains that "The Inclusion of Paragraph After Paragraph of Boilerplate Language With No Connection to Mr. Shabazz Was Intentionally Misleading." [Doc. 43 at 16]. Defendant apparently refers to some other affidavit than the affidavit applicable to these warrants. See [id.]. The boilerplate referred-to is simply not contained in Exhibit B.[2] Thus, given that the boilerplate referred to is not in the affidavit, the arguments with respect to this boilerplate are without merit in this case.

---

[2] Defendant refers to "paragraph 8 and running through paragraph 10 (including 26 distinct subparts for paragraph 10)" that do not appear in Exhibit B. [Doc. 43 at 16-17]. Defendant has not attached the affidavit he refers to or cited to a location for it in the record. [Id.].

5

**IV.**
**Conclusion**

The challenge to the search warrants issued for 1677 Dorsey Avenue, Suite C & D and 2864 Cheney Street are without merit. The search warrants identified the property to be searched and the articles to be seized with particularity. See Exhibits C & D. The warrants were signed by a neutral magistrate, namely a judge of the Municipal Court of East Point, Fulton County, Georgia, finding probable cause. Id. The warrants were supported by a 32-page single-spaced affidavit that provided abundant detail setting forth probable cause for the magistrate judge to believe that Qadir Shabazz and Leslie Shabazz were engaged in forgery, identity theft, tax fraud, financial card and/or bank fraud, and that evidence of these crimes would likely be found at the locations specified in the warrants. Defendant presented no evidence that would warrant a hearing under Franks v. Delaware, nor was the inclusion of any boilerplate language misleading so as to undermine the showing of probable cause. On this record, there is no need to analyze the warrant for good faith under United States v. Leon, 468 U.S. 897 (1984), although, a fortiori, where probable cause is abundantly demonstrated and not lacking, and none of the other Leon exceptions even arguably apply, there would be ample basis for good-faith reliance on the warrant by law enforcement. See id. at 923; United States v. Robinson, 336 F.3d 1293, 1297-98 (11th Cir. 2003); United States v. Taxacher, 902 F.2d 867, 871 (11th Cir. 1990).

In sum, the motion to suppress as to the Dorsey Avenue and Cheney Street search warrants should be **DENIED**. The motion should be **GRANTED** as to: 2715 Church Street, 2779 Church Street, 640 Valley Hill Road, and 2945 Orr Drive, and the 2000 Mercedes Benz and the 2008 Chevrolet Avalanche. The government has stated that it will not seek to introduce any evidence derived from the searches of the latter locations.

The remainder of the motion was addressed in my previous Report and Recommendation, which **RECOMMENDED DENYING** the motion except for the six properties addressed herein above. [Doc. 60].

The court further **DIRECTS** that, if a copy of the exhibits referred to in Docket 50 have not been filed with the Clerk, other than the copy that was provided to me in chambers, the government should do so instanter either electronically or by filing an additional paper copy for the record. The court reporter is also **DIRECTED** to file a copy of the transcript of the hearing on August 28, 2014, if one has not already been filed.

It appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this case be and is hereby **CERTIFIED** as ready for trial.

**SO REPORTED and RECOMMENDED**, this 15th day of October, 2014.

  _/S/ *E. Clayton Scofield III*
  E. CLAYTON SCOFIELD III
  UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)