UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-

**QADIR SHABAZZ**

Case No.   1:13-cr-441-TCB

**Defendant's Attorney
Victoria Brunner**

---

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant was found guilty by a jury on Counts 1-33 of the Indictment.

Accordingly, the defendant is adjudged guilty of such counts which involves the following offenses:

| Title & Section | Nature of Offense | Count No. |
| --- | --- | --- |
| 18 USC § 371 | Conspiracy | 1 |
| 18 USC § 1343 and 2 | Wire Fraud | 2-16 |
| 18 USC § 1028A and 2 | Aggravated Identity Theft | 17-31 |
| 18 USC § 641 and 2 | Theft of Government Funds | 32-33 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$3,300.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.       XXX-XX-6127
Defendant's Date of Birth:      1975
Defendant's Mailing Address:
East Point, Georgia   30344

Signed this the  9th  day of January, 2017.

Date of Imposition of Sentence: January 5, 2017

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIXTY (60) MONTHS as to Count 1; ONE HUNDRED NINETY-THREE (193) MONTHS as to each of Counts 2-16, to be served concurrent to each other and all to be served consecutively with Count 1; TWENTY-FOUR (24) MONTHS as to each of Counts 17-31, to be served concurrent to each other and all to be served consecutively to Counts 1-16; and ONE HUNDRED TWENTY (120) MONTHS as to each of Counts 32 and 33, to be served concurrent to each other and concurrent to all other Counts, for a TOTAL of TWO HUNDRED SEVENTY-SEVEN (277) MONTHS**.

The defendant is remanded to the custody of the United States Marshal. The Court recommends that defendant be permitted to participate in the BOP RDAP program; the Court further recommends that defendant be incarcerated as close to Atlanta, Georgia as possible.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of TWO (2) YEARS as to Count 1; THREE (3) YEARS as to each of Counts 2-16, to be served concurrent to each other and all to be served consecutively to Count 1; ONE (1) YEAR as to each of Counts 17-31, to be served concurrent to each other and concurrent to all other Counts; and THREE (3) YEARS for each of Counts 32 and 33, to be served concurrent to each other and concurrent to all other Counts, for a TOTAL of FIVE (5) YEARS.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 USC § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

Defendant shall participate as directed in a program approved by the Probation Officer for treatment or narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

## SPECIAL CONDITIONS

Pursuant to 42 USC Section 14135a(d) and 10 USC Section 1565(d), which require mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

The defendant shall not own, possess or have under his control a firearm, dangerous weapon, or other destructive device as defined in 18 USC § 921.

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

The defendant shall submit to a search of his person, property, residence and/or vehicle at the request of the U. S. Probation Officer. He shall warn other residents that the premises may be searched.

The defendant shall make a full and complete disclosure of his finances and submit to an audit of his financial documents, at the request of the Probation Office.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall participate in a drug/alcohol treatment program if directed to do so by the U. S. Probation Office. In addition, the defendant shall be required to contribute to the costs of services for such treatment.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## RESTITUTION

The defendant shall make restitution payments to the Clerk of Court for distribution to the following victim in the following amount:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| IRS - RACS<br>Attn: Mail Stop 6261, Restitution<br>333 W. Pershing Ave.<br>Kansas City, Missouri  64108 | $1,680,299.00 |

The restitution shall be paid in full immediately.  The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program, at minimum, $25 or 50% of the deposits in his inmate trust account per quarter.

Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid in the amount of $250 per month, plus 25% of gross income in excess of $2,500.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

## FORFEITURE

The forfeiture of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement. If applicable, the United States shall submit a proposed order of forfeiture forthwith.